WILKINSON v. SEVERANCE *et al.*

Estates of Decedents: DEVISE OF PROCEEDS OF LAND: ATTACHMENT
OF DEVISEE'S INTEREST.   Where a testator directed his executors
to sell his real estate at such time as they might think it for the
best interest of his estate, and to pay the proceeds to trustees to be
invested for the use of his son until he arrived at the age of twenty-
five, when the principal was to be paid to him on certain condi-
tions, *held* that while the estate was yet unsettled the son had no
such interest in the land as was subject to attachment for his
debts.

*Appeal from Sioux District Court.*—HON. C. H. LEWIS, Judge.

FILED, JUNE 3, 1890.

ACTION upon two promissory notes. A writ of attachment was issued and levied upon certain land. Petitions of intervention were filed, in which it was claimed that Frank B. Severance, the defendant in the action, had no interest in the land subject to attachment. Issues were made up upon this question, and a trial was had, and it was determined that said Frank B. Severance, at the time the writ of attachment was levied, had an interest in the real estate in question subject to attachment. The petitions of intervention were dismissed, and the intervenors appeal.

*John F. Duncombe*, for appellants.

*St. John, Stevenson & Whisenand*, for appellee.

ROTHROCK, C. J.—The land in controversy was owned by Jonathan B. Severance. The defendant's father made his last will and testament on the thirty-first day of December, 1878, and afterwards died. He was a resident of the county of Middlesex, in the state of Massachusetts. His will was duly admitted to probate in that state, and was afterwards filed for record and recorded in Sioux county, where the land in controversy is situated. The question whether the defendant Frank B. Severance has any attachable interest depends mainly upon the proper construction of said will, and, as the separate clauses thereof are dependent upon and explanatory of each other, it is necessary to set out the greater part of said instrument. It is as follows: " Be it known that I, Jonathan B. Severance, of Malden, in the county of Middlesex and commonwealth of Massachusetts, being of sound and disposing mind and memory, do make and publish this, my last will and

testament, in manner and form as follows, to-wit: *First.* I order my executors, hereinafter named, to pay all my just debts and funeral charges as soon as may be after my decease. Also, I direct my said executors, as soon as they may deem it for the best interest of my estate, to sell at private or at public sale, as they may think best, all of my real and personal estate, not herein particularly disposed of, and to execute and deliver proper deeds, as will convey the title to the same, to the purchasers thereof. * * * *Second.* I give and bequeath to my beloved wife, Selina W. Severance, twenty thousand dollars absolutely. * * * *Sixth.* To Andrew Wiggin, Esq., of Boston, in the county of Suffolk and commonwealth of Massachusetts, Abel S. Haley, of said Boston, and Thomas Dowling, of said Malden, I give, devise and bequeath all the rest, residue and remainder of my estate, in trust, nevertheless, to invest in good interest-paying property, according to their best judgment and discretion, and to hold the same in separate and distinct trusts, for the following purposes, to-wit: (1) Fifteen thousand dollars to be so invested and held for the use of my son Frank B. Severance, until he shall arrive at the age of twenty-five years, the income thereof to be paid to him, or for his support and education, less any proper charges, quarterly, without being subject to any claim or demand or debts of his contracting; and, when my said son arrives at the said age of twenty-five years, I direct said trust fund of fifteen thousand dollars to be conveyed and paid over to him, absolutely and in fee simple, subject, nevertheless, to the conditions hereafter named, without being subject to the claims or demands for any of his previous liabilities. Should my said son decease before arriving at the age of twenty-five years, leaving a child or children surviving him, then, upon his decease, all said income, as aforesaid, is to be paid quarterly in equal shares to each surviving child or children, for the term of twenty-one years, if any of said children shall survive so long, without being subject to any interest,

claim or interference of any person, and at the expiration of said twenty-one years said trust estate of fifteen thousand dollars, less any proper charges, is to be conveyed and made over in fee simple to said child or children then surviving, if any, or to the issue of any of them deceased, by right of representation, share and share alike. Should my said son decease before arriving at the age of twenty-five years, leaving no children surviving him, or if the fee of said trust estate to my said son should fail to vest in either of the modes·provided, and to be hereafter set forth, then I direct that said trust fund of said Frank shall be added to and become a part of the original trust fund, and to go to increase the share or shares which may vest, as hereinafter set forth. [Here follows a like bequest, and upon like terms and conditions, to his son Fred. M. Severance, and a bequest of five thousand dollars to his granddaughter Edith M. Dodge, with like conditions, except that payment is to be made to her when she becomes twenty-one years of age.] The conditions which I wish to impose in regard to the time of the payments of the said sums to my sons, Frank B. Severance and Fred M. Severance, and Edith M. Dodge, absolutely, are these : It is' my desire that the shares of my estate which I have ordered my trustees to pay to my said sons and granddaughter may be paid to them on their arriving at the ages named, respectively; but I do not wish or intend to give them the possession of the money to encourage habits of dissipation and extravagance ; and knowing the many temptations that surround persons in early life, and that these, my children and grandchild, may be early deprived of the care and advice of their parents, I order that the sums to be paid to them, respectively, on their arriving at the ages named, may be paid on condition that such beneficiary to whom the same is to be paid is exemplary in his or her habits, and competent to properly take care of the same ; but should either or all of them contract dissolute habits, or pursue a course of life attended with

indulgences which impair or ruin both health and for-
tune, then, and in that event, I direct my said trustees
to withhold the payment of the shares to be paid them,
or either of them which may be under such disability,
and to pay to them only the quarterly income thereof
until such time as it would be proper to pay to them,
respectively, the said principal. It is my desire and I
order my trustees to cause my said sons to be educated,
and properly cared for, and the expense of the same to
be paid out of the income, or a portion of the princi-
pal, if necessary, of the bequests made to them, respect-
ively. I desire my said sons, or either of them, to
receive, if they or either of them should desire, a
thorough collegiate course of education, and to choose
a profession, or to engage in the mercantile or other
business. *Seventh.* Should the amount of the property
which I may leave at my decease, after the payment
of my debts, funeral and other expenses and bequests
absolute, exceed or fall short of the gross sum which I
have given in trust ( viz., thirty-five thousand dollars ), I
direct that said sums ( viz., the sum to my wife, my sons
and my granddaughter ) may be increased or diminished
proportionately. *Eighth.* I direct the legacies which
are to be paid absolutely to be paid within five years after
the decease, or sooner, if my executors, in their discre-
tion, think proper to do so. *Ninth.* In case the bequest
to my said sons or grandchild, or either of them, should
not be paid to them, or either of them absolutely, on
account of the disability heretofore stated, then I direct
the share of such a one, at his or her decease, to be paid
to his or her legal heirs in fee simple. *Tenth.* As I
have ordered my trustees to pay to my said sons, on
arriving at the age of twenty-five years, I now give my
said executors the following discretion in regard to
the time of said payment in part : In case either of
my said sons should wish to engage in business before
arriving at the age of twenty-five years, and it should
be necessary for that purpose for them to have the pos-
session of a portion of their said share, thus to invest,

I hereby authorize and direct my said trustees, if in their judgment it would be for the best interest of my said sons or either of them to thus engage in said business, to pay over a portion of his share to the one or both thus engaging in said business, on his arriving at the age of twenty-one years, or sooner. *Lastly.* I hereby constitute and appoint said Andrew Wiggin, Abel S. Haley, Thomas Dowling, my said wife, Selina W. Severance, and William H. H. Dodge executors of this my last will and testament; hereby revoking all former wills by me made.''

The intervenors in the action are the executors of the will, and the trustees named therein, and certain assignees in bankruptcy. The executors and trustees claim that under the will the defendant Severance has no interest in the land. The assignees claim that Severance has been adjudged a bankrupt by a court of insolvency in Massachusetts, and that all his property has been conveyed by proper proceedings to them for the payment of his debts. We do not think it is necessary to determine the questions presented by the assignees in bankruptcy. In our opinion, the rights of the parties must be determined by the terms of the will, and the acts of the parties under it, as shown by the evidence. By the first clause of the will the executors are directed to sell the real estate not otherwise disposed of by the will, and to execute and deliver proper deeds therefor. The executors named in the will accepted the trust. They had the power to sell and convey the real estate, and to receive the money therefor, and to dispose of it as directed in the will. The estate appears to have been quite large, and it was not supposed by the testator that it would be speedily settled. This is shown by the direction in the eighth clause, that the absolute legacies should be paid within five years; and the fact is that the estate is yet unsettled, and the executors are still acting in that capacity. There are still unsettled claims against the estate, and several suits at law are now pending. There is real estate in Massachusetts.

and western land, including that in controversy, which are undisposed of. There can be no question that it is the duty of the executors to dispose of the real estate, and convey the same to the purchasers. The trustees named in the sixth clause of the will are not invested with authority to do so. Their duty is to take the proceeds of the sales in trust for the purposes designated in the will. They are to invest the proceeds in good interest-paying property, and distribute them to the parties entitled thereto, at the times and under the conditions named in the will. It seems to us that, under the provisions of this will, the two sons and the granddaughter have no interest whatever in the real estate devised by the testator. Their interest attaches to the trust fund in the hands of the trustees. It is possible that they may institute proceedings to compel a sale of the real estate and a settlement by the executors and trustees, but that right gives them no interest in the lands of the estate, as owners by descent, devise or otherwise. It may be the plaintiff has the right to institute and maintain garnishment or trustee proceedings against the trustees, but he surely cannot be allowed to come into this state, and by attachment proceedings embarrass and hinder the executors from executing the trust with which they are charged, by beclouding the title to the lands which it is their duty to sell and convey. It appears to us to be unnecessary to further discuss or elaborate the case. The views we have expressed find support in the following cases : *Smyth v. Anderson*, 31 Ohio St. 144 ; *Baker v. Copenbarger*, 15 Ill. 103 ; *McIlvaine v. Smith*, 42 Mo. 45. The decree of the district court will be reversed, and the attachments dissolved.                    REVERSED.