CHARLES E. SEARLS *et al.*, EXECUTORS AND TRUSTEES, *vs.* CHARITABLE BAPTIST SOCIETY *et als.*

JUNE 3, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Trustee's Bill for Construction of Will, Prematurely Brought, When.*

Where none of the questions propounded can arise during the lifetime of the cestui, and may in fact never arise, a trustee's bill for the construction of a will is prematurely instituted and will be dismissed.

TESTAMENTARY trustees' bill for construction of certain clauses of will. Dismissed as prematurely brought.

BLODGETT, J.   This bill for the construction of the sixth clause of the will and a portion of the codicil thereto of the late Daniel L. D. Granger has been certified to this court for a final decree under the provisions of Gen. Laws, 1909, cap. 289, § 35.

The petitioners are the executors and trustees thereunder, and desire a construction of the provisions aforesaid and the instructions of the court thereupon, with reference to contingencies which can not arise during the lifetime of Grace Granger, the sister of the petitioner, and which can never arise in the event of the prior death of her brother William D. Granger and of his children without issue, since in that event the provisions of the will are not affected by the particular provisions of the codicil which are here in question.   During the life of Grace Granger the duty of the trustees is concededly defined as follows:   "All the rest and residue of my estate,

real, personal and mixed, of whatsoever nature and wheresoever situated, of which I may die seized and possessed, or to which I may be in any way entitled at the time of my death, I give, devise and bequeath to the said Albert Babcock and to the said Grace Granger, and to the survivor of them and to their successor or successors in the trust hereby created, but in trust nevertheless upon the trusts and for the uses and purposes following, that is to say: to hold, stand seized and possessed of said trust estate, and to collect and receive the income thereof, and to pay over said income as often as once in three months to my said sister, Grace Granger, for and during her natural life."

In *Goddard* v. *Brown,* 12 R. I. 31, which was a bill in equity for instructions and to obtain a judicial construction of a will, it was said by Durfee, C. J., as follows (p. 40): "The bill sets forth that, in the execution of the trust, sundry questions have arisen as to which the complainants are advised that they cannot safely act without the instructions of the court. The bill, therefore, submits a series of ten questions for decision, some of them involving very perplexing inquiries in the law of wills. The bill does not disclose any special exigency which calls for a decision of the questions, and, in respect of some of them, it is not clear that they are now, or that they will ever become practically important. Every trust which is at all complicated suggests numerous questions which will in certain contingencies need to be decided; but we do not understand that the trustee is entitled to put the estate to the expense, or the court to the trouble, of their decision, until the contingencies have happened, unless he requires instruction in the exercise of his duties and powers, with a view to the possibility of their happening. It would be unwise, in the absence of any exigency, to predetermine such questions; for it may be not only useless to do so, but embarrassing to have done so, inasmuch as such questions may actually arise under a different state of facts from any which has been anticipated."

And a similar rule was applied by the Supreme Court of Massachusetts in a similar proceeding in *Minot* v. *Taylor,* 129

Mass. 160, 164, the court holding as follows: "The other question raised by the report, whether the limitation over to the grandchildren of Sarah as they attain the age of twenty-one years is void for remoteness, is premature, and cannot properly be considered in this suit. It may involve the rights of persons not now in being, and does not affect the present duty of the trustees." . . . . "The trustee has the right to ask the instruction of the court as to his present duties, but not as to what may be his duty in future uncertain contingencies." This case was affirmed and followed in *Bullard v. Chandler*, 149 Mass., 532, 538, wherein it is said: "It would be premature to discuss these and similar questions before the life interest of Mr. Chandler expires. It has been often held, that one of the principal requisites for the maintenance of a bill for instructions is the fiduciary possession of a fund of which some disposition is required to be made presently," citing cases.

Inasmuch as none of the questions propounded arise during the lifetime of Grace Granger and may, as before stated, never arise, we are of the opinion that this proceeding is prematurely instituted and must be dismissed.

The cause will be remanded to the Superior Court with direction to enter a decree dismissing the bill, without prejudice, as prematurely preferred.

*Comstock & Canning, Henry C. Hart*, for complainants.

*Patrick P. Curran, Jeremiah E. O'Connell*, for respondents.