HOHNBACH and others, by guardian *ad litem,* Appellants, vs.
HOHNBACH and others, Respondents.

*November 1, 1912—January 7, 1913.*

*Wills: Construction: Nature of estate devised: Death without issue.*

After devising a life estate in all his property to his wife during
widowhood, a testator gave the remainder in equal shares to
his children "or to the child or children of any deceased child
or children, by right of representation," but further directed
that "in case any of my said children shall die without leaving
lawful issue them surviving, but leaving a husband or wife
them surviving, as the case may be, the share or shares which
are hereinbefore given to any of my said children shall revert
to my other surviving children, or the child or children of any
such surviving child or children, by right of representation."
The widow died a few days after the testator. *Held,* that the
words "in case any of my said children shall die" referred to
a death occurring during the lifetime of the testator or of the
life tenant, and that upon her death the surviving children of
the testator and the issue of his deceased children, if any, took
an absolute estate in fee.

APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

On February 24, 1908, Robert T. Hohnbach died, leaving
a will which was thereafter duly admitted to probate. His
widow died on February 28, 1908, four days after his death.
The plaintiffs herein are the minor grandchildren of the tes-
tator, and by their guardian this action is brought for the
construction of the will, their contention being that the fee
to the real estate is vested in them and that the children of
the testator receive but a life estate or conditional fee. The
defendants, the children of the testator, contend that, having
survived the testator and his widow, they take an absolute fee
in the land, and that the death of the devisees referred to in
the will means their death prior to the death of the testator
or prior to the death of the widow. The controversy arises

over the first and fifth paragraphs of the will, the material parts of which are as follows:

"First. After the payment of the expenses of my last sickness, funeral charges, expenses of administration, and all of my just debts and liabilities, I do hereby give, devise and bequeath unto my beloved wife, Lina Hohnbach, for and during the term of her natural life and widowhood, all of my property and estate of whatsoever kind and nature, and wheresoever the same may be, and in case she shall again marry, I direct that she shall take nothing under this will, but shall be entitled to all her statutory provisions."

"Fifth. All of the rest, residue and remainder of my estate, I do hereby give, devise and bequeath to all of my children, including my said daughter *Clara*, in equal shares, or to the child or children of any deceased child or children, by right of representation, but I do hereby direct that in case any of my said children shall die without leaving lawful issue them surviving, but leaving a husband or wife them surviving, as the case may be, the share or shares which are hereinbefore given to any of my said children, shall revert to my other surviving children, or the child or children of any such surviving child or children, by right of representation."

The trial court found in favor of the defendants, and from a judgment entered in accordance with such finding plaintiffs appeal.

For the appellants the cause was submitted on the brief of *Emil Lenicheck,* guardian *ad litem.* He cited, among other cases, *Littlewood's Will,* 96 Wis. 608, 71 N. W. 1047; *Eggleston v. Swartz,* 145 Wis. 106, 129 N. W. 48; *Korn v. Friz,* 128 Wis. 428, 107 N. W. 659.

For the respondents the cause was submitted on the brief of *Lenicheck, Robinson, Fairchild & Boesel.* They argued, among other things,.that a life estate having been created by this will, the death of any of the devisees during the widow's lifetime would have divested them of their share and their children would have taken, by substitution, the parents' share. Death of the devisees here means death at any time

prior to the widow's death. If the gift is after a life estate, or a time is appointed for payment, the words "in case of death" refer to death at any time before the vesting in possession, whether before or after the death of testator. 30 Am. & Eng. Ency. of Law (2d ed.) 709; *Matter of Denton,* 137 N. Y. 428, 433, 33 N. E. 482; Page, Wills, § 676.

BARNES, J. This appeal presents but a single question. The appellants insist that the words "In case any of my said children shall die without leaving lawful issue them surviving" apply and extend to a death at any time. Respondents contend that they were intended to apply to a death occurring during the lifetime of the testator or of the life tenant. If appellants are correct, the children after the death of their mother took a life estate only. If respondents are correct, they took the fee.

After devising a life estate to his wife during widowhood, the testator proceeds in very plain and apt language to dispose of the remainder of the estate. He says: "All of the rest, residue and remainder of my estate, I do hereby give, devise and bequeath to all of my children . . . in equal shares." Had the will stopped here there could be no doubt that the remainder in fee was devised to the children who survived the widow, and unless this plain and unambiguous language is modified by what follows, the circuit court construed the will correctly. Next the testator provided that in case any of his children died leaving issue, such issue was to take the share of the deceased child of the testator. There is no inconsistency between this and the preceding clause. He then proceeds to provide for another contingency, to wit, the death of any of his children without issue but leaving a husband or wife, as the case might be. He desired that the interest of such child should go to his or her brothers and sisters or their issue, rather than to the surviving husband or wife of the deceased child. There is certainly nothing in

the language used in this part of the will which in express terms overrides the preceding provision disposing of the remainder of the estate.

The testator, by appropriate language, first disposes of the remainder left after the estate carved out for the widow has ceased to exist.  At the death or marriage of the widow all the residue and remainder was to go to the children.  It seems quite apparent that the language following this clause was intended to apply to conditions as they existed when the actual distribution of the residue came to be made.  If at that time one of the children had died leaving issue, such issue should take the share of the parent.  If one of the children died leaving a husband or wife but no issue, the surviving children or their issue were to take such share rather than one who was not related by blood to the testator.  What the testator has said plainly means this: At a certain time all of my estate is to absolutely vest in my children.  If in the meantime any of them die leaving issue, such issue shall take what would be the parent's share had such parent survived, but if any of my children die leaving a husband or wife but no issue, I want my remaining children or their issue to take the interest of such deceased child or children.

Such we think is the obvious meaning of the language used. Where the intent is reasonably clear, precedents are of little value.  They cannot be successfully invoked to override intent.  The only thing in connection with this will which would indicate any different intent on the part of the testator is the provision that if any of the children died without issue leaving a husband or wife, such husband or wife was precluded from sharing in the estate.  This clearly indicated that until the time came when the remainder was to come into the possession and enjoyment of the children, only blood relations were to participate in the division, but it does not indicate that the absolute title was not intended to pass when the children became entitled to the possession of the estate.

The case which comes nearest to the one we are considering, and in which it was held that only a life estate was devised to a child, is *Korn v. Friz,* 128 Wis. 428, 107 N. W. 659. This case recognizes the rule that a "gift to one with limitation to others in case of his death, or death without issue, ordinarily is to be construed as applying only to the condition of things prior and up to the death of the testator." Citing *Patton v. Ludington,* 103 Wis. 629, 79 N. W. 1073. A reference to the opinion in the *Patton Case* will show that this rule is supported by an abundance of authority. The *Korn Case* was at best a close one, and therefore one in which no doubt some weight was attached to the decision of the circuit judge. Furthermore, much significance was given to the following clause found in the will: "It being my desire that said real estate shall be kept and retained by persons of my own blood." We have no such declaration in the will we are presently considering, and nothing to indicate that the testator had any purpose to preserve his estate to those of his own blood after his own death and that of his wife. The decision in the *Korn Case* went far enough and should not be extended. A reading of the will in that case leaves the mind in doubt as to what the testator intended, with the probabilities favoring an intention to give a life estate only to the son. The will in the case now before us, on the contrary, carries conviction that the testator intended that the children should take an absolute estate after the termination of the life estate given to the widow. The intent being ascertainable with a reasonable degree of certainty, the function of the court is to carry it into effect and not to search for technical rules to defeat it.

*By the Court.*—Judgment affirmed.

MARSHALL and SIEBECKER, JJ., dissent.