whose reputaton for carefulness and learning in the exercise of the duties of his office is recognized by courts called upon to review his decisions. Following the cases herein referred to, the judgment of conviction is reversed, and a new trial ordered in the County Court.

Judgment reversed, and new trial ordered.

---

In re KLUMPF'S ESTATE.

(Surrogate's Court, New York County. May 1, 1916.)

1. WILLS ☞686(2)—CONSTRUCTION—ESTATES CREATED.

A will devising real estate in trust to pay over the income, one-third to the use of the wife for life, and to divide the remaining two-thirds equally among three children for the life of the wife, vests in each child, at the death of testator, two-ninths of the income of the real estate during the life of the widow, and if such child dies during the life of the widow her interest passes to her husband and children, and upon death of her children intestate, without issue, to their father.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1632; Dec. Dig. ☞686(2).]

2. WILLS ☞699—CONSTRUCTION—NECESSITY.

Under Code Civ. Proc. § 2615, a court will not construe the provisions of a will, where no present payments of income are to be made, or the time has not arrived for distribution of the principal, but construction will be deferred until the death of the life tenant.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1677; Dec. Dig. ☞699.]

In the matter of the estate of William Klumpf. Proceeding for the construction of a will, brought by the trustee thereunder. Will construed.

Lewis S. Goebel, of New York City (George V. Grainger, of New York City, of counsel), for petitioner.

William Brunner, of New York City (Patrick L. Ryan, of New York City, of counsel), for Susan Von Roemer and others.

Adolph E. Gutgsell, of New York City, special guardian, for infant.

FOWLER, S. The trustee under the will of the testator has filed a petition asking for a construction of that part of the will which provides for the disposition of the income given to testator's children during the life of his wife. That part of the will which is relevant to the question presented for consideration reads as follows:

"Third. I hereby give, devise and bequeath all my real estate * * * in trust to pay over and apply to the use of my wife Anna Maria Klumpf for and during the residue of her natural life one-third part thereof, and to divide the remaining two-third parts equally among my three children, Susanna Weber, Adam Klumpf and William Klumpf, for and during the term of the natural life of my said wife."

The testator died in 1883 and was survived by his wife and the three children above named. On March 14, 1893, the testator's daugh-

ter Susanna Weber died, leaving three children her surviving. Subsequently, and at various times prior to the filing of the petition herein the three children of Susanna Weber died intestate, leaving no issue them surviving, and leaving their father as their sole next of kin. He is still living. The trustee therefore is presently interested in ascertaining to whom he should pay the income which the decedent directed his trustee to pay to his daughter Susanna Weber.

[1] The language of paragraph 3 of the will is free from ambiguity or indefiniteness. It expressly provides that two-thirds of the income shall be paid to the testator's three children during the life of Anna Maria Klumpf, the testator's widow. As Susanna Weber survived the testator, she took a vested interest in one-third of two-thirds of the income from testator's real estate during the life of the widow, and as she died intestate during the life of the widow her interest in the income passed to her husband and children, and upon the death of all the children intestate, leaving no issue and no husband or wife, their father, Conrad Weber, succeeded to their interest, and is entitled to two-ninths of the income from decedent's real estate during the life of testator's widow.

[2] The trustee also asks for a construction of that part of the will which provides for the disposition of the income as well as the corpus of the estate after the death of the life tenant. As the life tenant is still living, and this court will not, under section 2615, C. C. P., construe provisions of a will where there are no present payments of income to be made, or where the time has not arrived for the distribution of the principal, the question of construction of the other paragraphs of the will will be deferred until the death of the life tenant.

Submit decree accordingly.