## IN RE WILL OF JOHN L. WOLBER.

**WILLS:** Construction—Vested (?) or Contingent (?) Remainder. A devise of a remainder is *contingent* when the devise is implied from a simple direction in the will "to divide" the remainder on the happening of a future event, and among devisees *then* to be determined.

*Appeal from Boone District Court.*—R. M. WRIGHT, Judge.

SEPTEMBER 19, 1922.

APPEAL from sustaining demurrer to petition for construction of the will of John L. Wolber, deceased. The question presented is whether the children of John L. Wolber took a vested or a contingent remainder. The remainder was subject to the life tenancy, or tenancy until remarriage, of testator's widow. One son died, without having married, and without issue, during the lifetime of testator. Another son died, without issue, after the death of the testator, but before the death of testator's widow, who is still living. This son left a widow. This widow claims that her husband had, at the time of his death, a vested interest in the estate of John L. Wolber, deceased, and that she succeeds to his interest in the estate. The lower court held that the remainder was vested in her husband, and that she took such remainder. Petitioners, the widow and the four living children of testator, have appealed.—*Reversed.*

S. *Trevarthen,* for appellant.

*Dyer, Jordan & Dyer,* for appellee.

ARTHUR, J.—On August 11, 1906, John L. Wolber made the will under consideration. During the lifetime of John L. Wolber, one of his sons, John Jacob Wolber, died, never having married, and leaving no issue. John L. Wolber died during the year 1906. He left surviving him Mary Lucy Wolber, his widow, and George William Wolber, Mary Rose Wolber Stockburger, Minnie Leona Wolber Ely, Christina Lena Wolber Meier, and Albert Friedrick Wolber, sons and daughters of himself and Mary Lucy Wolber. On October 8, 1906, the will was admitted to probate in the Dallas district court. Mary Lucy Wolber, widow, accepted the provisions of the will.

On February 25, 1911, Albert Friedrick Wolber, son of John L. Wolber and Mary Lucy Wolber, died, leaving surviving him Dora Wolber, his widow, but no children. Afterwards, his widow married a man named Parks, and she is known in the record as Dora Wolber Parks.

On June 1, 1921, this proceeding was instituted by Mary Lucy Wolber, widow, and George William Wolber, Mary Rose Wolber Stockburger, Minnie Leona Wolber Ely, and Christina Lena Wolber Meier, by filing a petition against Dora Wolber Parks, alleging the making of the will and its admission to probate, and setting forth the will, deaths, and survivors, and the property involved, and alleging that Dora Wolber Parks has no right, title, or interest in the property, and praying a construction of the will finding that said Dora Wolber Parks has no right, title, or interest in the property.

Dora Wolber Parks demurred to the petition. On August 2, 1921, the court sustained the demurrer. Petitioners elected to stand on the petition, and the court entered decree finding that Dora Wolber Parks was entitled to an undivided one-tenth interest in the property of which John L. Wolber died seized, subject to the life tenancy in such property of Mary Lucy Wolber. From such decree, this appeal is prosecuted.

The provisions of the will necessary to be considered are parts which we will designate, for convenience, as Paragraphs 1, 3, and 4, which read as follows:

"1.   To my wife, Mary Lucy Wolber, I give all my property, both real and personal, for her use, comfort and support during the time of her natural life, except as hereinafter provided, being the farm on which we now reside of two hundred thirty-eight and three-fourths acres [describing it]. I also give to my said wife all the live stock, horses, cattle, swine, grain, implements, etc., by me now owned and kept thereon, and also all the household furniture, and other items not particularly named and otherwise disposed of in this my will, during her said life.

"3.   Upon the death of my said wife, Mary Lucy Wolber, I direct that all the residue of my estate not hereinbefore disposed of, including my farm in Peoples Township, Boone County, Iowa, be divided equally between my six children, John Jacob, George William, Albert Friedrick, Mary Rose, Minnie Leona and Christina Lena, share and share alike. If any of them shall have died leaving issue, his share shall go to such issue; but if anyone shall have died without issue, his share shall be divided equally among those who survive.

"4.   In the event of the marriage of my said wife, Mary Lucy Wolber, at any time after my death, I direct that my said estate shall no longer continue as a life estate for the benefit of my said wife, but that it shall be divided thereafter as soon as deemed expedient by my executor, in the following manner, to wit:

"To my said wife, Mary Lucy Wolber, I devise one third of the residue of my estate, not hereinbefore disposed of, in lieu of all rights and interests which she would have in my estate in the absence of a will.

"The balance of the residue of my estate, not hereinbefore disposed of, I devise to my six children, John Jacob, George William, Albert Friedrick, Mary Rose, Minnie Leona and Christina Lena, to be divided equally between them, share and share alike. If any of them shall have died leaving issue, his share shall go to such issue; but if anyone shall have died without issue, his share shall be divided equally among those who survive."

At the time of the hearing, Mary Lucy Wolber, widow, was living and unmarried, and all of the children of John L. Wolber,

deceased, except John Jacob Wolber and Albert Friedrick Wolber, were living; and we assume, in the absence of any suggestion to the contrary, that they are now living.

The position of petitioners, appellants, is: That the will gave Albert Friedrick Wolber no vested interest in his father's estate; that the will gave no vested interest until after the death of the life tenant, his mother, Mary Lucy Wolber; that the remainder under the will was one of a condition precedent, and not subsequent; that the condition precedent was that each and every one of the remaindermen must survive the widow, Mary Lucy Wolber.

The position of Dora Wolber Parks, appellee, is: Albert Friedrick Wolber, son of John L. Wolber, deceased, by the terms of the will became the owner of a vested remainder in the testator's property at the death of the testator, subject to life tenancy of Mary Lucy Wolber, widow, which, upon the death of said Albert Friedrick Wolber, about five years after his father's death, passed to his widow, now Dora Wolber Parks.

In reading the will before us, it scarcely seems necessary to review canons of construction, to ascertain with certainty the meaning of the testator. It seems only necessary to apply the universally recognized rule that the testator's meaning must be gathered from all corners of the instrument; also, to duly observe the rule that, unless the intent of the testator is made to appear to the contrary, a devise will be construed in favor of a vested remainder, instead of a contingent.

As gathered from the will, as explicitly said in the will, What did the testator have in mind? Clearly it was this:

(1) That his widow, Mary Lucy Wolber, would possess and hold the property and receive the income therefrom during her life or until her remarriage.

(2) That the fee absolute in said property would remain suspended, and not vest until the happening of the death of his widow or her remarriage.

(3) That, upon the death of his widow, it would be ascertained who of his children were then living, and who of his children had then died, and who, if any, of any issue of any of his children who had died, were surviving; and that upon

such persons then surviving would settle the fee and possession of his property.

(4)    That, in the event of the remarriage of his widow, she would then take the fee to one third of his property, and the fee to the other two thirds would then vest, as last above mentioned.

The personnel of the situation now is:   The widow is living, and in possession of her life tenancy, or tenancy pending remarriage.   Two sons, John Jacob Wolber and Albert Friedrick Wolber, have died without issue.   George William Wolber, Mary Rose Wolber Stockburger, Minnie Leona Wolber Ely, and Christina Lena Wolber Meier, children of testator, are living. No status of the property was provided in the will to occur upon the death of the testator, except the beginning of the widow's tenancy.   No event mentioned in the will has yet happened, to fix and determine the persons who will take the fee of the property.    Such ascertainment must remain in abeyance until the widow's death or remarriage.   It cannot be known now who of the children petitioners will be living at the time the widow passes away, or her remarriage occurs; nor can it be known now, should one or more of the children die before their mother's death or her remarriage, who, if any, will leave issue surviving them.   It is dependent on life and death who will finally become owners in fee of the property.

In Paragraph 3 of the will it is provided that:

"Upon the death of my said wife, Mary Lucy Wolber, I direct that all the residue of my estate *    *    *    be divided equally between my six children [naming them]," etc.

No other provision purporting to devise to children and their issue is contained in the will.   The only devise to the children and their issue is to be found in the language above quoted: that is, a devise by direction as to division of the property.   The division of the property provided for and directed in the will is not to take place until a future date, upon the death of the widow or her remarriage.   In such a case, we have held that the devise is coeval with and inseparable from the direction to divide; and where the division provided in the will is not to occur until a future date provided for in the will, the gift or devise is postponed until the happening of such event.   It seems

clear that the remaindermen, not yet finally ascertainable, have, under the will before us, a contingent only, and not a vested, remainder. Supporting, see *McClain v. Capper*, 98 Iowa 145; *Fulton v. Fulton*, 179 Iowa 948; *Hohnbach v. Hohnbach*, 151 Wis. 487 (139 N. W. 731) ; *Bladt v. Bladt*, 191 Iowa 1344.

What the testator said clearly means, we think, that, at a future certain time, namely, the death of Mary Lucy Wolber, all of his estate is to absolutely vest in his children. If, in the meantime, any of them die, leaving issue, such issue shall take what would be the parent's share, had such parent survived; "but if any of my children die, leaving husband or wife, but no issue, I want my remaining children, or their issue, to take the interest of such deceased child or children." We think this is a correct construction to be placed on this will. And Albert Friedrick Wolber having died during the life estate of the widow, his wife, Dora Wolber Parks, took no interest under the will, as his surviving spouse.

It is a rule well settled that, where the devise is to all persons of a specified class, they take a vested interest; while, if the devise is to specified persons of a class, as in the instant case, the interest is contingent, dependent upon whether, at the termination of the intervening estate, there are persons of that class answering the description. *McClain v. Capper*, supra. John Jacob Wolber never having married, and having died without issue, his share in the property will be distributed, after the death or remarriage of Mary Lucy Wolber, among the children who survive, or whose issue survive Mary Lucy Wolber, widow.

It is not necessary that we here review the cases involving the propositions under consideration in the instant case. In the recent case of *Fulton v. Fulton*, supra, we exhaustively considered the identical questions here involved. It would be merely cumulative to again indulge in a review and discussion of the cases. In fact, the will in the instant case is quite identical with the will in the *Fulton* case, and this case must necessarily be ruled by the *Fulton* case.

This results in holding that the court below erred in sustaining the demurrer to the petition, and erred in finding and adjudging that Dora Wolber Parks has an interest in the estate

of John L. Wolber, deceased.   Accordingly, the finding and decree of the lower court are reversed.—*Reversed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.