ISABELL ALBRIGHT et al., Appellees, v. LYDIA MOECKLY et al., Appellants.

**RECEIVERS:** Appointment—Partition. The court may, especially on
1 application of a majority of interested parties, appoint a receiver, to take possession of and rent premises, pending its partition between contentious cotenant owners.

**PARTITION:** Nature of Action. The proper institution of an action
2 in partition confers upon the court full jurisdiction over the property and over the full interest and title of every party properly before it.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

MAY 18, 1923.

REHEARING DENIED SEPTEMBER 22, 1923.

SUIT in partition of real estate. The parties are the lineal descendants and direct heirs of Henry Sexauer and Susan Sexauer, both of whom died in the year 1921. Though closely

related, they are not harmonious.   By reason of various ob-
stacles, unimportant but effective, the proceedings were moving
slowly.   Pursuant to the application of a considerable majority
of the heirs, the court appointed a receiver, to rent and manage
the property pending the litigation.   From such order certain
of the defendants have appealed.—*Affirmed.*

*Miller, Kelly, Shuttleworth & McManus,* for appellants.

*Dale & Harvison,* for appellees.

EVANS, J.—I.   The ancestors, Sexauers, were survived by
ten children.   Another child, Mary Wagner, had predeceased
her parents, and left surviving her her two sons, Leroy and
Harry Wagner, and her husband, J. B. Wagner.

1. RECEIVERS: ap-
pointment: par-
tition.
Subsequently, the son Jacob Sexauer died, sur-
vived by his widow and eight children, all of
whom are parties herein.   Each of the surviving children took
one eleventh of the land in suit.   The two sons of Mary Wagner,
deceased, took, each, one twenty-second share.   J. B. Wagner
bought the share of Harry Wagner.   To this extent, there is
no controversy.   The appellants herein represent a three-
elevenths interest in the property.   The owners of the other
eight elevenths of the property are content with and defend the
appointment of the receiver.   The receiver appointed is Wil-
coxen, who is wholly disinterested, as between the parties.   His
competency is not questioned.   The active appellant is Leroy
Wagner.   He is supported in his contention by his two aunts,
Mrs. Lydia Moeckly and Ophelia Miller, and by his father, J.
B. Wagner.

At the time of the death of the ancestors, in 1921, Leroy
was in possession of the farm as a renter, and had been in pos-
session thereof for some years prior.   He does not now base
his claim of right to possession upon any lease from the an-
cestors, but does base it upon the fact that he has become a
tenant in common with the other heirs, and as such is the owner
of a one-twenty-second part of the farm.   He challenges the
jurisdiction and power of the court to appoint a receiver to
oust him from the possession of the farm which he thus holds.
His brief here is devoted largely to the proposition that a ten-

ant in common is entitled to possess the premises as a whole, and that his possession is the possession of all the tenants in common.

The argument has little controlling pertinency to the real question in controversy. His rights as a tenant in common are no greater than those of any other of the tenants in common.

2. PARTITION: nature of action. He is not entitled to maintain a possession that is exclusive of or hostile to the other tenants in common. This is the practical effect of his possession and of his conduct in relation thereto. Tenants in common are under no obligation to continue such tenancy. Any one of them may at any time denounce the tenancy and demand his share in severalty. The institution of a partition suit is necessarily an election to terminate such tenancy. The proper institution of such a suit confers upon the court full jurisdiction over the property and over the full interest and title of every party properly before it. It was to the interest of all parties that the property should be appropriately managed and utilized under the direction of the court, pending the partition litigation. Joint management or joint possession by all the parties proved to be wholly impracticable. No one contends otherwise. The possessory rights of Leroy could not be preferred over those of his cotenants. His cotenants' right of management is equal to his own. If a majority of the cotenants had chosen to speak and act through a selected agent, they would have had a right to do so. Nor could Leroy lawfully rebuff such agent by asserting his own right to exclusive possession. The cotenants had equal right to speak through a receiver appointed by the court. In view of the inability of the parties to agree upon joint management, the court had power to appoint a qualified receiver, to manage the property under the direction of the court. Code Section 3822 provides:

"Section 3822. On the petition of either party to a civil action or proceeding, wherein he shows that he has a probable right to, or interest in, any property which is the subject of the controversy, and that such property, or its rents or profits, are in danger of being lost or materially injured or impaired, and on such notice to the adverse party as the court or judge shall prescribe, the court, or, in vacation, the judge thereof, if satis-

fied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action, and may order and coerce the delivery of it to him. Upon the hearing of the application, affidavits, and such other proof as the court or judge permits, may be introduced, and upon the whole case such order made as will be for the best interest of all parties concerned.''

This is consistent with Section 4253, Code Supplement, 1913, which provides:

''Section 4253. * * * Where there is a delay in making sale and the owners of the property are not able to agree as to the possession or leasing of the same, the court may make such order as to the possession and leasing of said property by the referee as may be found to be for the best interests of the owners of said property.''

The partition proceedings have not reached the stage where the latter section can be literally applied thereto.

Some complaint is made of the form of the order appointing the receiver, in that it directed the receiver to give preferential recognition to one Iverson, as a proposed renter. The record discloses substantial reason for this particular provision. It was within the sound discretion of the court to make it. It appears from the record that, prior to the appointment of Wilcoxen, the court had appointed John Moeckly as receiver. This order had been made upon the petition of nine or ten of the cotenants. Complaint is made here of such appointment, because it was made without notice to the appellant. Much argument is devoted to this complaint. Such argument is wholly beside the mark. Appellant successfully attacked such appointment in the court below, and the court set aside the same. This was the occasion of the appointment of Wilcoxen. The record here should not have been burdened with any further reference thereto.

II. It appears from the record that the order of the appointment of Wilcoxen as receiver was wholly superseded by this appeal and by the filing of a supersedeas bond. Leroy Wagner was thereby enabled to continue in sole possession of

the farm during the season of 1922. We are advised by the briefs that he has paid no rent for 1921 or 1922. We find his appeal to be without merit. Notwithstanding its want of merit, it has been very effective in saving to the appellant an advantage to which he was not entitled. We take judicial notice that the season of 1923 is at hand. The order of the district court is affirmed. Pursuant to Code Section 4148, it is also ordered that the filing of a petition for rehearing shall not suspend this decision or order.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.