ROBERT BLAINE SCHAAL et al., Appellants, v. JOHN WILLIAM SCHAAL et al., Appellees.

**PARTITION:** Right of Action—Trust Estate—Nonvested Interest.

1   Lands which are under testamentary trusteeship for a stated or discretionary time are not subject to partition by the ultimate beneficiary

until his interest becomes vested. Trust construed, and held to clearly empower the trustee to continue the trust.

**PARTIES:** Plaintiffs—Right to Withdraw. Parties who, through a misunderstanding, have been joined as plaintiffs, necessarily have the right to withdraw from the action.

Headnote 1: 30 Cyc. pp. 185, 186, 196. Headnote 2: 18 C. J. p. 1152.

Headnote 1: 20 R. C. L. 752. Headnote 2: 20 R. C. L. 706.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

### APRIL 5, 1927.

Action for partition of certain real estate devised in trust under the will of one John Adam Schaal. Certain of the plaintiffs, on their own motion, withdrew as plaintiffs, and the defendant-trustees moved to strike and dismiss the petition. The motion was sustained, and from the judgment entered, plaintiffs appeal.—*Affirmed.*

*Miller, Kelly, Shuttleworth & McManus,* for appellants.

*O. M. Brockett,* for John William Schaal, David Franklin Schaal, and Magdalena Carolina Harvey, appellees.

*Harold H. Newcomb,* Guardian *ad litem* for minor appellees.

DE GRAFF, J.—John Adam Schaal died testate in Polk County, Iowa, November 17, 1912. His will was duly admitted to probate in the district court of Iowa in and for Polk County, December 23, 1912. The instant petition in equity, for the partition of certain real estate of which the testator died seized, was filed May 26, 1925. Thereafter, certain of the plaintiffs, respectively, six in number, who are beneficiaries or distributees under the will in question, filed motions of withdrawal as plaintiffs in said action, on the ground that:

1. PARTITION:
right of action:
trust estate:
non-vested
interest.

"He has been so named a party-plaintiff to said suit without authority from him, probably through misunderstanding, and that he never meant or intended or expressed the intent to authorize the use of his name as a plaintiff or coplaintiff in the bringing of such a suit, * * * and has never and does not now

approve such proceeding, but believes that the sale of the farm in question or the closing of the administration of the estate should remain either with the present executors or such others as may succeed them, and be carried out under the provision of John Adam Schaal's will."

These motions were sustained, and properly so, and these plaintiffs ceased to be parties in said action for partition.

On June 11, 1924, the defendants David Franklin Schaal, John William Schaal, and Magdalena Carolina Harvey, appellees herein, who are the appointed trustees of the will in question, filed motion to strike and dismiss the petition which motion was, in legal effect, a demurrer to the petition. It is recited, *inter alia,* in said motion to dismiss, that:

2. PARTIES: plaintiffs: right to withdraw.

"It appears from examination of said will and codicil that the testator bequeathed no vested interest in his estate to anyone, unless it may be the provision made in Item one for the payment of the indebtedness of his estate, and the provision in Item two for the payment to one daughter of the sum equal to $100 per year for the time elapsing between the date of the will and the date of decease of the testator. The entire residue of his estate was by such will devised to the executors nominated in the will [appellees heretofore named], as trustees, the whole to be owned, controlled, and conserved by them for a period of ten years from and after the date on which such will shall be admitted to probate. * * * But under the terms of the will, such trustees were not then divested of the title to such estate bequeathed to them in trust, but, on the contrary, are required by the provisions of the will to complete the administration of the estate, including the sale of all real estate not previously disposed of, 'as soon as convenient, and having in view the best interests of the estate, the proceeds to be distributed in accordance with the provisions of the will to the persons in being at the expiration of said ten-year period to whom said will directs that such distribution should be made;' and it is expressly stated in the seventh paragraph of plaintiffs' petition that said trustees are still acting as such, and there is no claim in said petition that the administration of said estate has been closed, or the executors thereof discharged; and these defendants say that the said administration is still pending, and that they are still acting as

such executors and officers of this court, having the full power
to sell the real estate sought to be partitioned, and that they are,
as they always have been since the expiration of said ten-year
period, ready to sell said real estate and close administration of
the entire estate in accordance with the terms of the will, when-
ever the same, in their judgment or in the judgment of the
court, can be done in accordance with the will of the testator
that it should be done 'as soon as convenient, and having in
view the best interests of the estate.' "

This motion to dismiss was sustained, and it is from the
judgment entered that this appeal is taken.

It is conceded that the rights of the parties to this cause are
founded solely upon the last will and testament of John Adam
Schaal.

It is apparent from the provisions of the will that, with the
exception of a provision for the payment of the debts of the
testator, and of a minor bequest to a daughter Edna, all of the
estate of the testator was devised in trust. It is provided in
Item 3 of the will that:

"The said trustees or their successors to be appointed as
hereinafter provided, shall take, hold, manage, and control all of
my said property hereby devised to them for a period of ten
years from and after the probate of this will, they to have the
full management and control thereof with the right to sell, con-
vey, or assign any and all portions thereof at their discretion or
the discretion of a majority of said trustees, except the home
farm consisting of about two hundred thirty-four acres, which
said farm I will and direct shall not be sold for a period of ten
years but shall be managed and controlled or rented, including
coal or other mineral leases, by my executors, and the rents and
profits thereof together with the rents, net income, and profits
of all the balance of my estate shall be by the said trustees dis-
tributed and disposed of as hereinafter provided."

The testator then named his eleven children as beneficiaries
of such trust, and made certain limitations on their receiving
the rents and incomes from the property devised in trust. It is
then provided:

"At the expiration of the period of ten years from and
after the date of the probating of this will, I will and direct
that the said trustees or their successors in trust shall, as soon as

convenient and having in view the best interest of the estate, sell and convey any and all of the property then in their possession as such trustees or executors and distribute the proceeds'' as provided in said paragraph.

It is further provided:

: "And it is my will and I hereby direct that none of my children above named shall have any vested rights in or to my property or any part thereof, principal or income, until the expiration of said period of ten years. Nor shall said children or any of them have any right to sell, mortgage, or encumber their interest in said property or any part thereof during said period of ten years.''

In the light of these provisions of the will, did the trial court err in sustaining the motion of the defendant-appellees to dismiss the petition? It may be conceded that the trusteeship in a vested trust terminates upon the expiration of the time fixed by the settler. 2 Beach on Trusts and Trustees 1011; Bogert on Trusts 564; *Bailey v. Meade,* 250 Mass. 46 (34 A. L. R. 779).

It may also be conceded that the proper institution of an action in partition confers upon the court full jurisdiction over the property and over the full interest and title of every party properly before it. *Albright v. Moeckly,* 196 Iowa 366.

These principles, however, do not constitute an all-sufficient answer to the questions presented in the instant case. The interest of the *cestui que trustent* did not vest until the expiration of the period prescribed in the will, under the declared intent of the testator. The interest of each beneficiary was that of a distributee of the proceeds of the residuary estate, after the disposition of all of the property by the trustees. The trustees had the title and the right of disposition, under the terms of the will. The home farm was not to be sold for a period of ten years; and, at the expiration of that period, the trustees should, ''as soon as convenient and having in view the best interests of the estate, sell and convey any or all of the property then in their possession as such trustees or executors and distribute the proceeds thereof.'' The trust did not terminate *ipso facto* upon the termination of the ten-year period. The trustor vested a discretion in his trustees and their successors in trust. It is apparent that the final distribution was to be made by the

trustees. The sale was to be made by the executors or trustees. The devise is inseparable from the direction to sell and distribute. The salient fact is that the testator directed his trustees to sell at such time as they or a majority might think it best for the interests of his estate, and to distribute the proceeds. See *In re Will of Wolber,* 194 Iowa 311; *Wilkinson v. Severance,* 80 Iowa 436.

The trust in the instant case was an active trust. The estate was still alive; and, under the provisions of the will, a court of equity will not disturb the terms of said will, under the pleaded facts of the instant petition.

The defendant-appellees have filed a motion to dismiss the appeal, which motion we deem it unnecessary to consider, in view of the fact that we rule, on the merits, that the trial court properly sustained the motion of said defendants to dismiss the petition for partition.

The judgment entered is—*Affirmed.*

EVANS, C. J., and ALBERT and MORLING, JJ., concur.