WILL OF GROTENRATH: GROTENRATH and others, Appellants, vs. GROTENRATH, Respondent.

*April 5—May 1, 1934.*

382

For the appellants there was a brief by *Hugo J. Trost* and *Cosmas B. Young,* both of Milwaukee, and oral argument by *Mr. Young.*

For the respondent there was a brief by *Alvin M. Strnad,* attorney, and *Harry M. Silber* of counsel, both of Milwaukee, and oral argument by *Mr. Strnad.*

NELSON, J.   The appellants first contend that since the widow of Fred Grotenrath is still living and no distribution of the estate may presently be made, the petition for construction was prematurely made, and therefore the court should have declined to construe the will.

It is generally held that courts will not ordinarily construe provisions of a will where no present payments of income are to be made, or where the time has not arrived for distribution of the principal (*In re Klumpf's Estate,* 95 Misc. 436, 158 N. Y. Supp. 1094) ; that courts will not ordinarily render advisory opinions where the questions propounded have not arisen and may never arise (*Searls v. Charitable Baptist Society,* 30 R. I. 478, 76 Atl. 160) ; and that in the absence of some exigency courts will not predetermine questions that may arise in the future under a state of facts which may be different from those which exist or may with certainty be anticipated. *Goddard v. Brown,* 12 R. I. 31.

The question to which the petition for construction of the will gave rise is whether the estate, subject to the life estate of the widow and the bequests to the two daughters, vested in the four sons, share and share alike, upon the death of Fred Grotenrath. If it did so vest, then a one-fourth share thereof is now subject to an inheritance tax based upon the present value of such vested remainder. Sec. 72.15 (4), (5). It is presently important to the estate of Edward W. Grotenrath that that question be decided, to the end that any inheritance tax due from the estate may be determined and paid without unnecessary penalty. We hold that the petition was not prematurely made.

The appellants next contend that no interest in the estate vested in the four sons, of which Edward Grotenrath was one, at the time of the death of Fred Grotenrath, and that no interest in said estate will vest in them prior to the death of his widow. In construing wills, all rules of construction yield to the cardinal rule that the language of a will should be so construed as to give effect to the intention of the testator, if that intention may be ascertained from the language of the will itself, considered in the light of the surrounding circumstances. *Will of Fouks,* 206 Wis. 69, 238 N. W. 869, and cases cited therein. If the intention of the

testator as to the vesting of his estate may not be ascertained from the language of the will, then another well-established rule may be invoked in aid of construction. The rule referred to is that "the law favors the early vesting of estates." See *Will of Fouks, supra,* and the numerous cases reviewed therein. Unless a reasonably clear intention to the contrary can be read out of the will itself, an estate will be held to have vested upon the death of the testator. *Will of Owens,* 164 Wis. 260, 159 N. W. 906; *Williams v. Williams,* 135 Wis. 60, 65, 115 N. W. 342. In the latter case it was said:

"Estates legal and equitable given by will should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event; and where the time of payment or distribution is merely postponed for the convenience of the fund or property, or to let in others, the vesting will not be deferred until that period [has expired]."

Another well-established rule often invoked in aid of construction of a will is that where there is a devise to one person in fee and in case of his death without issue, to another or to others, the death referred to is a death occurring during the lifetime of the testator, unless there is in the will language which gives fair, clear, and reasonable ground for saying that the testator had a different intention. *Lovass v. Olson,* 92 Wis. 616, 67 N. W. 605; *Will of Caldwell,* 205 Wis. 587, 238 N. W. 367. In our opinion the rules just mentioned rule this controversy. There is no language in the will tending to show that the testator did not intend the estate to vest in the sons until after both his death and that of his widow. The following language of the will: "I give all the rest of my estate to my four sons in equal shares," if given its ordinary meaning, is consistent with the conclusion that the estate given to his sons vested immediately upon his death. The language found in the fourth paragraph, to wit: "In case of death of any of my children,"

in the absence of language showing a contrary intention, must, under the law of the *Caldwell Case,* and other cases cited therein, be held to relate to the death of a child during the lifetime of the testator.

The appellants earnestly contend that this controversy is ruled in their favor by *Hohnbach v. Hohnbach,* 151 Wis. 487, 139 N. W. 731, and *Korn v. Friz,* 128 Wis. 428, 107 N. W. 659. The language of the wills involved in those cases is clearly different from that found in the present will. In *Korn v. Friz, supra,* the testator *ex industria* expressed his desire that the real estate therein considered should be kept and retained by persons of his own blood. In *Hohnbach v. Hohnbach, supra,* the testator's widow, to whom the will devised and bequeathed the life estate, died only four days after the testator. Whether the estate there discussed vested upon the death of the husband or upon the death of the wife was of no practical importance, which no doubt explains some of the language found in that opinion. The court recognized the rule that a "gift to one with limitation to others in case of his death, or death without issue, ordinarily is to be construed as applying only to the condition of things prior .and up to the death of the testator," citing *Patton v. Ludington,* 103 Wis. 629, 79 N. W. 1073, but there was no need to apply that rule since the widow's life estate had already expired.

It is our opinion that the county court correctly construed the will and correctly held that the will of Fred Grotenrath gave to his son Edward W. Grotenrath a one-fourth interest in and to the remainder of the estate, which interest vested upon the death of the testator, subject of course to the life estate of the widow and the payment of the specific bequests to the daughters.

*By the Court.*—Judgment affirmed.