[No. 19266. Department Two. January 8, 1926.]

JEAN CAIRD ROWE, *Respondent*, v. F. GARRETT FISHER et al., *Appellants*.[1]

[1] TRUSTS (33-2)—SALE OF TRUST PROPERTY—RIGHTS AND TITLE OF PURCHASERS. Where a mere naked trustee, holding title to the separate property of a married woman, deeded the land to one who had notice of the trust, in consideration of the sum of $2,500 paid to her husband, the grantee holds the title in trust for the wife, the deed to him being ineffectual to divest her interest.

[2] MORTGAGES (218)—TRUSTS (20)—FORECLOSURE SALE—BONA FIDE PURCHASERS—FRAUD UPON CESTUI QUE TRUST OF TITLE. Plaintiff having purchased the mortgaged property at his foreclosure sale, his agent is within its right in acquiring the sheriff's certificate of sale and sheriff's deed and thereafter conveying the same to some of the defendants in the case, even conceding that it was pursuant to an understanding between them before the expiration of the period of redemption; and a defendant acquiring such an interest for value, is within his rights, as against the ultimate owner of the equity of redemption, where none of the parties stood in the relation of agent or owed any duty to such owner, and had a perfect right to acquire an interest in the property through any paramount source of title, apart from any past transactions or trust that had theretofore existed.

[3] COSTS (67)—ON APPEAL—REVERSAL AS TO PART OF JUDGMENT. An appellant, successful in securing a complete reversal of the case, will not, nevertheless, be allowed costs for one-half of the transcript of the evidence where it covered testimony which he had introduced in support of a claim at the trial which he failed to establish and was unnecessary to establish his complete defense of the action.

Appeal from a decree of the superior court for King county, Brinker, J., entered December 29, 1924, upon findings in favor of the plaintiff, establishing and quieting title to an interest in real property after a trial to the court on the merits. Reversed.

[1]Reported in 242 Pac. 32.

*Wallace W. Mount* and *McClure & McClure,* for appellants.

*Jay C. Allen* and *Frank S. Griffith,* for respondent.

Parker, J.—The plaintiff, Mrs. Rowe, commenced this action in the superior court for King county, seeking a decree establishing and quieting title in herself as her separate property, particularly as against the claims of the defendant, Fisher, to an undivided one-third interest in certain described real property situated in the city of Seattle, commonly known as the Bovington Apartments. George Francis Rowe, husband of Mrs. Rowe, was made a defendant, evidently because of a possible claim of community interest in the property being made by him. He, however, makes no such claim, but, in effect, joins Mrs. Rowe as a plaintiff by his attitude in the case. Miles H. Jones, Marion E. Gidner and John Davis & Co., a corporation, were also made defendants for reasons presently appearing. Mrs. Rowe's prayer for relief is rested upon the theory that, whatever paper or record title to a one-third interest in the Bovington Apartments is apparently vested in Fisher, such title is held in trust by him for her.

Fisher sets up in his answer what may be appropriately considered as two affirmative defenses, though not separately stated therein: First, that he has good title to the one-third interest by virtue of a deed of conveyance from "John C. Leslie, trustee," who then had power to convey the legal title, and, also, whatever equitable interest therein was possessed by Mrs. Rowe; and second, that he has good title to the one-third interest by virtue of a deed of conveyance from John Davis & Co., who had theretofore acquired good title to the whole of the Bovington Apartments by virtue of a sheriff's deed, duly executed in pursuance of a

mortgage foreclosure decree and a sale had thereunder, which divested Mrs. Rowe and all others of all possible interest therein, legal or equitable. The controversy being one of equitable cognizance, the case proceeded to trial in the superior court without a jury, which resulted in findings and a decree awarding relief to Mrs. Rowe substantially as prayed for by her, from which Fisher alone has appealed to this court.

In October, 1900, George Francis Rowe and the plaintiff Mrs. Rowe were married. They have lived in this state and remained husband and wife ever since then. On December 8, 1906, there was, by the then owners of the whole of the Bovington Apartments, duly executed a deed therefor, purporting to convey the whole of that property to "George Francis Rowe, Miles H. Jones and Fred G. Gidner;" the defendant Mrs. Marion Gidner, widow of Fred G. Gidner, having since then succeeded to his interest. While this deed presumptively conveyed one-third interest in the property to the community composed of Mr. and Mrs. Rowe, she claims that the whole of the purchase price which was paid therefor was in fact her separate funds, and, therefore, that one-third interest in the property became her separate property.

On November 8, 1916, Mr. and Mrs. Rowe, Mr. and Mrs. Jones and Mr. and Mrs. Gidner executed a mortgage upon the whole of the Bovington Apartments to John Davis & Co., to secure an indebtedness incurred by them to John Davis & Co., evidencing the same by their promissory note for the principal sum of $10,000, payable in five years from date with interest. On December 11, 1916, John Davis & Co. duly sold and assigned this note and mortgage to Lars Peterson.

On September 1, 1920, Mr. and Mrs. Rowe duly executed a deed purporting to convey the one-third interest here in question to "John C. Leslie, trustee."

This deed, upon its face, does not otherwise evidence any trust whatever.    It is, however, claimed by Mrs. Rowe that it was a conveyance in trust for her as her separate property, and, also, that such trust was sufficiently evidenced by a writing signed by Leslie and delivered to her.    On February 28, 1921, Leslie executed a deed, signing and acknowledging it as "John C. Leslie, trustee," purporting to convey the one-third interest to Fisher.    This was done at the instance of Mr. Rowe, and upon Fisher paying him $2,500.    Whether this was intended merely as a loan, with a view of having it secured by the deed as a mortgage, or whether the deed was intended to be absolute and accompanied by an agreement giving the right to Leslie or Rowe to repurchase the property within a stated time, we need not inquire.

After the maturing of, and default in, the payment of the $10,000 indebtedness secured by the mortgage given to John Davis & Co. and assigned to Peterson, he commenced a foreclosure action thereon in the superior court for King county, making Mr. and Mrs. Rowe and all others appearing to have any interest in the property defendants, and such proceedings were had therein that a decree of foreclosure was duly rendered, and the sale of the whole of the Bovington Apartments had thereunder to Peterson.    A certificate of sale was accordingly issued to him by the sheriff.    Thereafter, on May 5, 1923, Peterson duly assigned to John Davis & Co. this certificate of sale, receiving therefor approximately $11,000 in cash.    Thereafter, and after the time for redemption from the foreclosure sale had fully expired, and there being no redemption by anyone, the sheriff duly executed a final deed of conveyance of the whole of the Bovington Apartments to John Davis & Co.

Thereafter, on May 10, 1923, John Davis & Co.

executed a deed for the whole of the Bovington Apartments to Fisher, Jones and Gidner. Thereafter, evidently in pursuance of a prior understanding and as a part of the same transaction which brought about the conveyance from John Davis & Co. to Fisher, Jones and Gidner, these three executed and delivered to John Davis & Co. a mortgage upon the whole of the Bovington Apartments to secure an indebtedness to John Davis & Co. of the principal sum of $10,000, evidenced by their promissory note for that sum with interest. This $10,000 note, together with approximately $1,000 in money paid to John Davis & Co., one-third each by Fisher, Jones and Gidner, constituted the consideration paid by them to John Davis & Co. for the execution of the deed.

It is conceded that the foreclosure proceedings, resulting in the sheriff's deed conveying the whole of the Bovington Apartments to John Davis & Company, were regular in every respect and wholly divested Mrs. Rowe and all the defendants in that action of all interest, legal or equitable, in the whole of the Bovington Apartments, and that Fisher now stands in the shoes of John Davis & Co. as to the one-third interest here in question, except as Fisher may be held, as it is contended in behalf of Mrs. Rowe he should be held, to have acquired legal title to the one-third interest in trust for Mrs. Rowe, whether he be held to have acquired the legal title to the one-third interest under the deed executed by John C. Leslie, trustee, or under the deed executed by John Davis & Co., following the mortgage foreclosure.

[1] We first dispose of the question as to whether or not Fisher acquired, freed from Mrs. Rowe's interest, title to, or lien upon, the one-third interest by virtue of the deed to him executed by John C. Leslie, trustee. The trial court held that Fisher did not

acquire any such title or lien by virtue of that deed, and decreed it to be void and of no effect. This holding of the trial court was rested upon evidence showing that Leslie was the holder of the legal title, as a naked trust, with no duty or power with reference thereto other than to reconvey to Mrs. Rowe when demanded by her; and evidence showing that Fisher was charged with knowledge of such trust. We deem it unnecessary to here notice this evidence, further than to say that we have examined it and do not see our way clear to interfere with this holding of the trial court; and, therefore, conclude that Fisher did not acquire by that deed any right or interest as against Mrs. Rowe. This disposition of the effect of the deed from John C. Leslie, trustee, to Fisher, renders it unnecessary for us to make further inquiry as to the property being Mrs. Rowe's separate property; as to the deed from John C. Leslie, trustee, being a mortgage or an absolute conveyance; as to whether or not the $2,500 paid by Fisher to Mr. Rowe for the execution of that deed was, in legal effect, a purchase price payment, or a loan to Mr. Rowe, or to a corporation in which he and Fisher were interested, or as to certain other contentions; all of which have been somewhat elaborately argued in the briefs, but all of which become of no consequence in our present inquiry, in view of the superior court's holding, which we affirm, that the deed from John C. Leslie, trustee, to Fisher was void and ineffectual as vesting in Fisher any title to, or lien upon, the property as against Mrs. Rowe.

[2] What has been said by us thus far renders it evident that whatever title Fisher has in or to the one-third interest in the Bovington Apartments must rest upon the sheriff's deed executed to John Davis & Co., in pursuance of the mortgage foreclosure, and the deed thereafter executed by John Davis & Co. to him. This

calls for our noticing some further facts, as to the effect of which we cannot agree with the trial court. John Davis & Co:, at all times in question, was engaged in a loan, real estate and rental agency business in Seattle, having the Bovington Apartments in charge as renting agent for the owners thereof, whoever they may have been from time to time. Prior to the execution of the deed to Fisher by John C. Leslie, trustee, John Davis & Co. accounted for one-third of the rents to either Mr. or Mrs. Rowe. Thereafter, for a time, by direction of Mr. Rowe, the accounting for the one-third of the rents was made by John Davis & Co. to Fisher; and, after Mrs. Rowe had discovered the execution of the deed by John C. Leslie, trustee, to Fisher, and had repudiated that conveyance and challenged Fisher's title thereunder, John Davis & Co. ceased to account to Fisher for the one-third of the rents, and thereafter apparently accounted to no one for such one-third of the rents, though continuing to manage the property as rental agent, holding one-third of the rents for future accounting as the conflicting claims of Mrs. Rowe and Fisher might later be determined. Of course, the agency of John Davis & Co. for the owners of the other two-thirds interest in the property was in no manner affected by this controversy between Mrs. Rowe and Fisher.

Findings were made by the trial court with reference to Fisher's relation and duty to Mrs. Rowe, and with reference to Fisher's alleged conspiring with Jones and John Davis & Co. to bring about the foreclosure of the Peterson mortgage, causing Mrs. Rowe to be wholly divested of her one-third interest in the property, and the alleged prevention of her exercising her right of redemption prior to the execution of the sheriff's deed. This evidence, as we read it, overwhelmingly negatives any concerted action on the

part of Fisher, Jones and John Davis & Co., which could be characterized in the least as conspiring to prevent Mrs. Rowe from freely exercising her every right looking to the saving of her one-third interest in the property from the effect of the foreclosure of the Peterson $10,000 mortgage. The evidence seems to us to equally conclusively negative any separate action on the part of either of them standing in the way of Mrs. Rowe asserting her rights in that behalf.

There is evidence to show that John Davis & Co. would not make a new loan to Mrs. Rowe, though willing to make a new loan to Fisher, Jones and Gidner upon their personal note and the title acquired as the result of the foreclosure and subsequent deed from John Davis & Co. to them. The evidence also shows that there was a previous understanding between John Davis & Co., Fisher and Jones that, if Peterson's foreclosure should ultimately result in a sale of the property divesting Mrs. Rowe and all others of all interest therein, an effort would be made to ultimately vest the title to the property in Fisher, Jones and Mrs. Gidner in the manner that was finally accomplished, and that, thereupon, John Davis & Co. would make a new loan to those owners.

Now, clearly we think John Davis & Co. was within its legal rights when, for itself, it purchased from Peterson the sheriff's certificate of sale; thereafter took conveyance by the sheriff's deed; thereafter conveyed to Fisher, Jones and Gidner, and accepted their $10,000 note and mortgage and approximately $1,000 in cash as the purchase price of that conveyance; even conceding all this was in pursuance of an understanding between them, had before the expiration of the redemption period. There was, in no event, any agency relation existing between John Davis & Co. and Mrs. Rowe after the sheriff's sale. John

Davis & Co.'s agency with reference to the one-third interest in the property and the rents therefrom was nothing more than an agency for Peterson, who had become purchaser at the sheriff's sale, and was thereafter entitled to the rents and profits of the one-third interest theretofore held by Mrs. Rowe. Section 600, Rem. Comp. Stat.

So, we think it clear that John Davis & Co., in its manner of acquiring title to the property, did not in the least violate any obligation it owed to Mrs. Rowe. It is plain, we think, that Fisher was equally as free from violation of any obligation he owed to Mrs. Rowe, in whatever he did looking to the acquiring of title to the one-third interest in the property in pursuance of the mortgage foreclosure and the deed from John Davis & Co. When Mrs. Rowe repudiated the conveyance made by John C. Leslie, trustee, to Fisher, which was long prior to anyone having thought of foreclosure of the Peterson mortgage, she and Fisher were dealing at arm's length, in so far as Fisher's right to consummate an acquisition of title to the one-third interest in the property through any paramount source of title, apart from the deed executed by John C. Leslie, trustee, is concerned.

We conclude that Fisher became vested with absolute title to the one-third interest in the Bovington Apartments by the deed executed to him, Jones and Gidner by John Davis & Co. on May 10, 1923, as against all claims of right, title or interest therein of Mrs. Rowe; and that, in so far as the decree of the superior court, in substance or in terms, impairs Fisher's title so acquired, or his right to the rents and profits of the one-third interest from and after that date, the decree must be and is reversed. The case is, therefore, remanded to the superior court with direction to dismiss

the same as to Fisher, with prejudice as against Mrs. Rowe.

[3] While Fisher has, by this disposition of the case upon his appeal, been successful in the sense that his title to the one-third interest has been fully established, we do not feel that he is entitled to all his disbursements incurred in the prosecution of his appeal. A considerable portion, approximately one-half, of the nearly 700 pages of testimony taken upon the trial of this case in the superior court and embodied in the statement of facts, was wholly incident to Fisher's attempt to establish his title to the one-third interest, as resting upon the deed from John C. Leslie, trustee, as to which claim he has failed in this court, as he failed in the superior court. Exercising our discretion, therefore, we conclude that Fisher shall recover his incurred disbursements in the preparation of the statement of facts only to the extent of one-half thereof, and shall recover all his other appeal costs and disbursements.

TOLMAN, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.