JOSEPH H. MILES, APPELLANT, V. STEPHEN B. MILES ET AL., APPELLEES.

FILED NOVEMBER 21, 1930. No. 27426.

*W.iltse & Wiltse* and *George N. Foster,* for appellant.

*F. A. Hebenstreit, Reavis & Reavis, I. E. Smith, John C. Mullen, Jean B. Cain, F. N. Prout* and *Arthur F. Mullen, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOOD, J.

This is an action in equity, brought by Joseph H. Miles, as an individual and as trustee, against one of the beneficiaries of the trust, a number of judgment creditors of said beneficiary, and the sheriff of Richardson county, in which he seeks a construction of the trust instruments, and asks that the court determine that the judgments against the beneficiary are not liens upon the interest of the beneficiary in the trust property; that the sheriff be enjoined from levying executions on such property, and that plaintiff, as trustee, be authorized to make division of the trust property among the beneficiaries, free and clear of any incumbrance. He also asks for alternative relief in the event that the court finds that such judgments are liens on the interest of the defendant beneficiary in the trust property; that plaintiff, as an individual, be awarded a first lien for moneys advanced by him to the beneficiary. The sheriff and the beneficiary made default. The creditors answered, alleging the termination of the trust and asking that their judgments be adjudged liens upon the beneficiary's interest in the trust property. The court found against the plaintiff,

held that the trust had been terminated; that the judgment creditors were entitled to liens by reason of judgments upon the beneficiary's interest in the trust property, and fixed the priority of the liens. Plaintiff, in his dual capacity, has appealed.

On August 12, 1898, Stephen B. Miles executed a deed, conveying in trust to Joseph H. Miles, for the use and benefit of Stephen B. Miles, Jr., Joseph T. Miles, and Warren C. Miles, 1,755 acres of land situate in Richardson county. The trustee is a son of the grantor; the beneficiaries are sons of the trustee and grandsons of the grantor. The trust deed is too long and contains too many repetitions to be here reproduced in full. We shall quote from and refer to such of its provisions as are necessary to an understanding and determination of the questions raised.

The deed recites: "For and in consideration of my love and affection for my grandsons hereinafter named and in further consideration of the sum of One Dollar ($1.00) to me in hand paid I do hereby bargain, sell and convey unto my son Joseph H. Miles of the City of Falls City in said county in trust however, and as trustee for the use and benefit of my three grandsons, to wit: Stephen B. Miles, Jr., Joseph T. Miles and Warren C. Miles, * * * minor children of said Joseph H. Miles. * * * The said Joseph H. Miles, trustee, is to hold the said lands for the full period of thirty (30) years in trust for my said grandsons above named and herein conveyed to said Joseph H. Miles in trust for the full period of thirty (30) years from this date, to wit, from the 12th day of August, A. D. 1898, to the 12th day of August, A. D. 1928, and during that full period of time of thirty years from the date of this instrument this said land and every part thereof the whole (1,755) seventeen hundred fifty-five acres here conveyed in trust as aforesaid shall not be conveyed, mortgaged or incumbered by my said grandsons or either one of them nor by said trustee nor shall said lands or any part thereof nor the annual profits thereof so long as the same is held in trust and by the trustee or subject to the trustee's control be liable for any debt, duty or obligation of said grandsons or either

one of them nor shall said lands or any part thereof or any interest therein or the profits in the hands or control of the trustee be subject to any lien, attachment or legal proceedings of any kind whatsoever, save and except the just taxes thereon for the said trust period of time, to wit, for the full period of thirty (30) years from this date or until August 12th, A. D. 1928, as aforesaid, nor shall said trustee or his successors nor said beneficiaries or any one else during this said period of thirty (30) years, sell, alien, convey, incumber, assign, transfer or in any way put any claim directly or indirectly on said land here conveyed or any part thereof; nor shall said lands or any part thereof or the profits thereof, while in the hands or control of the said trustee or his successor, be liable to the creditors of my said grandsons, the beneficiaries of this trust during the whole period of the said thirty (30) years of time in which the said property is here placed in trust."

The deed further provides that, in case of the death of said Joseph H. Miles or in case of his inability or unwillingness to discharge the duties of the trust, the proper court shall appoint a trustee to carry out the terms of the trust. Another provision directs the trustee to pay the taxes, and it is further provided: "Said trustee shall take good care of said property and use it as a good, careful, prudent business man should use his own property and after paying all the taxes, repairs and expenses and insurance incident to the proper care of said property shall have for his services in the care of said estate the full twenty-five per cent. or one-fourth the net profits of said property to be deducted on the first of January of each year for and during said thirty (30) years * * * and the remainder of said profits shall be faithfully accounted for with my said grandsons * * * each of my said grandsons to share equally and alike in the division of the said annual net profits * * * during the years of their minority or while they are under guardianship * * * the said guardian shall receive the annual net profits into his own hands." It is further provided that after the grand-

sons become of age the payment of such net profits shall be made directly to them. The deed also provides that, in the event of the death of any of said grandsons, without issue, during the trust period, then his share shall go to the survivor, and, if any of the said grandsons die during the trust period, leaving issue surviving, such issue shall take the share of the deceased grandson; and a further provision is that, if all of the grandsons shall die without issue prior to the termination of the trust period, and if the said Joseph H. Miles, the trustee, shall have other sons, such trust property shall go to them.

Another provision of the deed is: "When the full trust period of time has expired, to wit, on the 12th day of August, A. D. 1928, or as soon thereafter as it can be done, I desire said lands to be then equally divided between my said three grandsons, Stephen B. Miles, Jr., Joseph T. Miles and Warren C. Miles, the beneficiaries of this trust, free, clean and clear of all liens, incumbrances and claims of every nature whatsoever, and my said grandsons are to share equally and alike in the division of said lands; the said lands to be theirs, their heirs and assigns forever."

After many repetitions as to the trust period and the purpose of the trust, the deed contains the following emphasizing provision: "I declare here, as emphasized and the predominant and most important intention of this deed and conveyance, is to put this property here conveyed in trust for said time the full period of thirty (30) years from this date as aforesaid and during all of said time this said property here conveyed shall not be alienable or chargeable with the debts or obligations of my said grandsons, the beneficiaries or either one of them and neither the voluntary act of my grandsons or either one of them nor of their creditors or creditor nor suitor or suitors shall directly or indirectly through any proceedings by court or otherwise touch, effect or foster any lien or claim whatsoever upon the said land or any part thereof or the annual profits thereof, while in the hands of said trustee or his successor or successors holding the same as trustee in trust as aforesaid for the whole period of thirty (30) years from this

date this land here conveyed shall be and remain in trust, free and clear of all liens, mortgages, judgments, claims and demands save and except the just taxes."

The deed also contains this covenant: "I here covenant with the said Joseph H. Miles, trustee, and said three (3) grandsons that I am lawfully seised of said premises and have the lawful right to sell and convey the same and said premises are free and clear of all liens and incumbrances except the taxes of this fiscal year, A. D., 1898, and not yet payable and I will warrant and defend the same against the lawful claims of all persons whomsoever. I intend in this conveyance that this said property here conveyed shall be and remain in trust as aforesaid for the full period of thirty (30) years from the date of this instrument."

Joseph T. Miles, one of the beneficiaries, departed this life in 1912, without issue, so that but two of the beneficiaries survive. While both of the beneficiaries are named in the petition as parties defendant, Stephen B. Miles, Jr., was not served with process and made no appearance in the case. He is, therefore, not a party to this litigation.

On August 15, 1898, three days after the date of the trust deed, Joseph H. Miles, in writing, accepted the trust created, and for the full 30-year period has acted as trustee and been in possession of the trust property, carrying out its terms. Shortly after August 12, 1928, the beneficiaries, by deeds, conveyed the trust property to Joseph H. Miles. It appears that this was done for the purpose of enabling him to obtain a loan upon the lands, with which one of the beneficiaries might discharge his existing obligations. Not being able to procure the loan, Joseph H. Miles made and executed two deeds, each conveying an undivided one-half interest in the lands to each of the two surviving beneficiaries. In the deed from Joseph H. to his son, Warren C., it is recited that the intention is to reconvey whatever title he has received by reason of the deed from Warren C. to himself.

It appears from the evidence that Stephen B. Miles, Sr., died in the year 1898, testate, and that Joseph H. Miles, the plaintiff in this action, was made residuary legatee and

devisee. Joseph H. Miles, as an individual, now argues in this court that the trust deed is void because it violates the rule against perpetuities, and that, by reason of being residuary legatee and devisee under the will of his father, the title to the lands thereby passes to him. It is sufficient answer to this to say that nowhere in the petition filed by plaintiff is any attempt made to claim any title or interest in the property save and except a possible lien upon the lands for moneys advanced to Warren C. Miles.

This court has frequently held that a case must be tried in this court on the issues presented to the trial court for decision. As we view it, this issue was not raised by the pleadings, was not presented to nor decided by the trial court. Hence, we are not bound to consider it. However, had the plaintiff so attempted, by his pleadings, to present this issue in the case, he would have been confronted by the proposition that a trustee cannot accept and act as trustee under a trust deed and, while so acting, attack the trust as invalid.

The rule applicable is stated in Perry on Trusts (7th ed.) sec. 433, in the following language: "Under no circumstances can a trustee claim or set up a claim to the trust property adverse to the *cestui que trust*. Nor can he deny his title. If a trustee desires to set up a title to the trust property in himself, he should refuse to accept the trust." And in the same work, at section 863, we find the following: "Lord Justice Knight Bruce said, that where one entered into possession as trustee, he could not be permitted to set up a possession or title in himself adverse to the *cestui que trust*. (Where a person enters into possession without other title than that conferred upon him by the trust instrument, the presumption is that he took possession as trustee and continues to hold in that capacity.) It is the duty of the trustee, if he intends to claim the estate, to resign his trust and deliver over the possession which he received as trustee."

In the instant case, plaintiff not only accepted in writing, but continued to act as trustee for the full 30-year period, and, after its expiration, brings this action as trustee, seek-

ing to have his duties as trustee determined by the court. Under the record here presented, plaintiff, as an individual, is precluded from asserting title to the trust property.

We will now consider the title conveyed, respectively, to the trustee and the beneficiaries. The trust deed conferred upon the trustee the right of possession and the management of the trust property for a period of 30 years, ending on August 12, 1928.

"Every estate which must expire at a period certain and fixed in advance, by whatever words created, is an estate for years; every such estate must have a certain beginning and a certain end." 10 R. C. L. 662, sec. 19. In reality, the grantee of such an estate is a lessee. On the expiration of the period, the estate terminates; the grantee's right of possession and control ceases; he then has nothing to convey. Counsel for plaintiff insist that, under the deed, the duty rested upon the trustee to make conveyance of the lands to the beneficiaries, and that, according to the terms of the trust, he could not make such conveyance until the lands were free and clear of all liens. It is sufficient answer to this to say that nowhere in the deed is the duty imposed upon the trustee to make conveyance of the land to the beneficiaries. He is not required to make division between them, nor required to make any conveyance of any sort.

In 26 R. C. L. 1210, sec. 52, we find this rule stated: "On the termination of the period of time to which an active trust is limited by the terms of its creation, the trust ceases and the estate becomes vested in the parties entitled to it at that time, by operation of law and without a conveyance." Other authorities supporting this rule are *Kohtz v. Eldred,* 208 Ill. 60; *Eakle v. Ingram,* 142 Cal. 15, 100 Am. St. Rep. 99; *Schaal v. Schaal,* 203 Ia. 667.

We conclude that the estate of the plaintiff as trustee, including all his rights and duties imposed by the trust deed, terminated on the 12th day of August, 1928, and that no conveyance from him was necessary to vest title in the beneficiaries.

It is evident that the deed from Stephen B. Miles, Sr., to his son Joseph, as trustee, and the grantor's grandsons

conveyed all of the estate that the grantor had. The beneficiaries took an estate which is properly denominated a determinable fee in remainder, subject to the estate for years vested in the trustee. A determinable remainder in fee, or an estate in fee, is one that may ripen into a fee simple, or it may be defeated by the happening of some contingency. In the instant case, if the grandsons survived during the full trust period of 30 years, the estate became theirs absolutely, and, on the other hand, if any one of them died before the expiration of the trust period, the estate of such deceased terminated and the title went elsewhere, as provided by the deed. We reach the conclusion that at the expiration of the trust period the two surviving grandsons, Stephen B. Miles, Jr., and Warren C. Miles, became vested with title in fee simple to the lands.

On August 12, 1918, Joseph H. Miles, the plaintiff, and his wife executed a deed conveying land in trust to Joseph H. Miles for the use and benefit of Stephen B. Miles, Jr., and Warren C. Miles, sons of the plaintiff. This deed of trust incorporated and made all of the provisions of the deed from Stephen B. Miles, Sr., to Joseph H. Miles et al. a part of the latter deed, save and except as to the period of time. The trust period in the second deed was for 10 years, beginning August 12, 1918, and terminating August 12, 1928. The conclusions reached with reference to the deed executed by Stephen B. Miles, Sr., apply to and govern the disposition of the property conveyed by the trust deed made by Joseph H. Miles and wife to Joseph H. Miles, as trustee, for the use and benefit of his two sons.

Plaintiff argues that, since some of the claims of the creditors, who are parties to this action, were incurred prior to the termination of the trust period, they cannot be made liens upon the trust property. There are two answers to this contention. The first is that, while a spendthrift trust was created by the instrument, the period of the trust was for 30 years and 10 years, respectively, in the two deeds. Both trusts ceased on August 12, 1928. Thereafter, the lands were free to be dealt with by the beneficiaries as they saw fit. They could then have sold and con-

veyed a good title, or they could have mortgaged or incumbered the same in any manner that they desired. The property was then subject to execution or attachment the same as any other property that they had acquired. But another answer is that the question cannot be raised by the trustee. That question can be raised alone by the beneficial owners of the trust property.

With reference to the right of the plaintiff to have advances, alleged to have been made by him to Warren C. Miles, declared a first lien upon the lands, we find nothing in the record which would create such a lien, and, in fact, while that question was raised and presented in the trial court, it was not discussed in the briefs and seems to have been abandoned in this court. In any event, it is without merit.

We find no error in the record. The judgment is

AFFIRMED.