[No. 27225. Department Two. February 24, 1939.]

*In the Matter of the Estate of* DELLA A. WHEELER EUSTACE, *Deceased.*

C. LAVERN WHEELER *et al., Appellants,* v. J. T. EUSTACE, *Respondent.*[1]

[1]Reported in 87 P. (2d) 305.

*Oliver R. Ingersoll, W. F. Van Ruff,* and *Conrad H. Bowman,* for appellant Wheeler.

*Bigelow & Manier,* for appellant Manier.

*J. W. Anderson,* for respondent.

SIMPSON, J.—The question presented for decision is whether the execution of a trust deed and agreement by a wife just prior to her death, naming her husband therein as trustee, precludes the husband from thereafter having the property described in the trust deed set over to him in lieu of homestead exemption.

June 26, 1930, James T. Eustace and Della A. Wheeler were married in Thurston county, where they continued to live as husband and wife until her death July 16, 1937. At the time of her death, there were no children living as the issue of the surviving spouse and deceased. Mrs. Eustace was survived by her husband and an adult son, C. LaVern Wheeler.

She owned the separate property which is the subject of this action.

On the day of her death, Mrs. Eustace, or someone in her behalf, called W. W. Manier, an attorney residing in Olympia, and requested him to draw a deed of her individual property to her husband to be held by him in trust for her son, C. LaVern Wheeler. The deed described the property as:

"The West one-half of the Southwest one-quarter of Section 3, Township 18 North, Range 3 West, Thurston County, Washington.

"Also Note from William H. and Myrtle M. Thompson dated April 1, 1933, for $500, and the mortgage given as security for the payment of the said note.

"Also the note given by N. E. and Selma H. Roberts dated April 19, 1930, for $3000 to the Olympia National Bank, which said note was duly assigned to Della A. Wheeler; and the collateral being Certificate No. 1 for 100 shares of the Oyster Holding Company, a corporation."

and provided as follows:

"This deed and assignment is made to the said J. T. Eustace as Trustee for my son LaVern Wheeler, and I direct the said Trustee to use the income from the said property and when and if it becomes necessary he may use from the corpus of the Trust such funds as may be necessary for the proper support and maintenance of the said LaVern Wheeler.

"Upon the termination of this Trust by the death of the beneficiary the Trustee shall convert the estate remaining, if any, into cash and distribute the same to the heirs of the said LaVern Wheeler, the beneficiary herein."

After its execution, the deed was taken by Mr. Manier to his office, where it remained until J. T. Eustace secured it, and placed in on record August 12, 1937.

January 27, 1938, a will executed by Mrs. Eustace

before her last marriage was admitted to probate, and William W. Manier was appointed executor.

February 18, 1938, J. T. Eustace, by quitclaim deed, deeded to "Estate of Della A. Wheeler Eustace" the real and personal property described in the deed executed by his wife July 16, 1937. The quitclaim deed recited:

"This deed is made for the purpose of reconveying to the above named estate all rights of trusteeship established by that certain deed from Della A. Eustace to the grantor herein dated July 16, 1937."

March 23, 1938, J. T. Eustace filed a petition in his wife's estate, asking the court to set aside to him as exempt certain community property owned by him and his wife at the time of her death, and then stated:

"That his wife owned as her separate estate the remaining property described in the inventory, which is of substantial value, and petitioner is not laying any claim to that estate, but feels that the costs of administration should be borne by it."

The remaining property referred to consisted of the property named in the trust deed.

April 4, 1938, he filed an amended petition, in which he asked to have set over to him as exempt, in addition to the community property, a portion of the notes of Wm. H. and Myrtle M. Thompson, and Selma Roberts, in the amount of $1,578.96.

A hearing was had on the amended petition, at which were present the petitioner, William W. Manier, executor of the estate, and C. LaVern Wheeler. At the conclusion of the trial, the court awarded to the surviving husband, in lieu of homestead exemption, the community property and the Thompson note, together with an interest in the Roberts' note in the sum of $1,451.46, to be paid to J. T. Eustace by the executor out of the first moneys to be paid thereafter upon the

note. C. LaVern Wheeler and W. W. Manier, as executor of the estate, have appealed.

Appellants urge error in setting aside to respondent the notes mentioned in the deed of trust. They contend that Mrs. Eustace deeded the property to respondent in trust for her son; that he accepted the trust and was thereafter estopped to make any claim antagonistic to the trust estate, and that the deed to the estate was void.

It should be observed there was not sufficient community property to equal the three thousand dollars allowed as exempt by statute.

It is apparent that the will was void under Rem. Rev. Stat., § 1399 [P. C. § 10026]; however, the parties to this action indicate a desire to treat the proceedings as one in administration of an estate without a will.

After the death of his wife, respondent secured the deed from the attorney's office and placed it of record. At the hearing, Mr. Eustace testified as follows:

"Q. Now, you accepted this trust deed and agreement, did you, Mr. Eustace, and after her death, or subsequent to the execution of the deed, you had it recorded, or caused it to be recorded? A. I did. Q. And you acted under that trust deed and agreement? A. I did. Q. How long did you continue to so act, Mr. Eustace? A. Well, until—I think it was in January, if I remember right."

The trustee did not declare any disclaimer of the trust until February 18, 1938, at which time he made the deed to his wife's estate. In his first petition for homestead allowance, he did not ask to be allowed other than the community property. It is apparent from the evidence received that a trust was created for the benefit of the son of the deceased, and respondent accepted the trust.

Acceptance of a trust is a matter of intention, which must be determined from the acts and deeds of

the person named as trustee. No particular form or actual words of acceptance are necessary and need not occur at the time of the execution of the trust deed. *Hinton's Ex'r v. Hinton's Committee*, 256 Ky. 345, 76 S. W. (2d) 8; 1 Bogert, Trusts and Trustees, 446, § 150.

■ A trustee, having accepted a trust and entered upon the discharge of his duties as trustee, is estopped from setting up a claim to the trust estate as against the beneficiary under the trust. A trustee cannot deal with trust property for his own profit, claim any advantage by reason of his relation to it, or set up a claim against the trust estate.

"A trustee, accepting a trust, is estopped from contesting the title of the creator of the trust to the property conveyed to the trustee and from setting up a claim to the trust estate, as against the beneficiary under the trust, or denying the title or estate of the person for whose benefit the trust was created or for whom he holds it; but this rule does not prevent the trustee from testifying as to a promise to convey made by the settlor to another." 65 C. J. 531, § 276.

"Under no circumstances can a trustee claim or set up a claim to the trust property adverse to the *cestui que trust*. Nor can he deny his title. If a trustee desires to set up a title to the trust property in himself, he should refuse to accept the trust." 1 Perry on Trusts and Trustees (7th ed.), 721, § 433.

See, also, *Bussey v. Bussey*, 157 Ga. 648, 121 S. E. 821; *Miles v. Miles*, 120 Neb. 436, 233 N. W. 249; *St. Louis Union Trust Co. v. Harbaugh*, 205 S. W. (Tex. Civ. App.) 496.

■ There was no consideration given for the deed made by respondent, and it was made in violation of the provisions of the deed of trust. It is clear, therefore, that the deed made by respondent in an attempt

to convey title to his wife's estate was void. *Rowe v. Fisher,* 137 Wash. 214, 242 Pac. 32.

■■ A claim of homestead is antagonistic to the rights of *cestui que trust,* and cannot be allowed. *Keller v. Keller,* 141 S. W. (Tex. Civ. App.) 581.

Respondent contends that he was not bound in any way by the provisions of the trust; that the property was deeded in contemplation of death, and allowance of homestead exemption is a claim against the estate; and that the exemption may be awarded from the separate property of the deceased. Many cases are cited to uphold his contention. In none of them, however, do we find a situation where a trust was involved such as is present in the case at bar.

The trustee owes to the *cestui que trust* the highest of good faith, diligence, and integrity. *American Express Co. v. Hansen,* 176 Wash. 187, 28 P. (2d) 788; *Thomas v. National Bank of Commerce,* 187 Wash. 521, 60 P. (2d) 264.

In the case of *In re Johnson's Estate,* 187 Wash. 552, 60 P. (2d) 271, 106 A. L. R. 217, this court stated:

"The law is that a trustee is under a duty to the beneficiary to administer the trust solely in the interest of such beneficiary, and, in doing this, an undivided loyalty to the trust is required. The trustee is not permitted to make a profit out of the trust. *Meinhard v. Salmon,* 249 N. Y. 458, 164 N. E. 545, 62 A. L. R. 1; Restatement of the Law of Trusts, p. 431; *In re Montgomery's Estate,* 140 Wash. 51, 248 Pac. 64; *Magruder v. Drury,* 235 U. S. 106, 35 S. Ct. 77."

Respondent, having accepted the trust created by the deed which had been executed by his wife, could not thereafter secure any of the property specified in the deed by claiming it under the statute provided for exemption in lieu of homestead.

The judgment is reversed, with directions to the trial

court to exclude from respondent's award all property described in the deed of trust.

BLAKE, C. J., BEALS, MILLARD, and GERAGHTY, JJ., concur.