[Civ. No. 9382.   Third Dist.   Dec. 29, 1958.]

HELEN TRENT POWER, as Trustee, etc., Respondent, v. EVELYN TRENT JONES, Individually and as Executrix, etc., Appellant.

*Assigned by Chairman of Judicial Council.

Robert A. Zarick and Leonard P. Burke for Appellant.

Mas Yonemura for Respondent.

WARNE, J. pro tem.*—This is an appeal from a decree and judgment quieting title to real property.

Mary Delome Trent, the mother of the appellant and the respondent herein, died testate in 1931. By her will she left all of her estate to her husband for life and after his death to her daughters Helen Trent Power and Evelyn Trent, now Evelyn Trent Jones, in trust, to be held until there were but two survivors of the testator's eight children. The two daughters were named as executrices of the estate and duly qualified as such.

The decedent was married to L. C. Trent, and during their lifetime and marriage they acquired the property in question in the name of L. C. Trent. It apparently was purchased out of community funds. However, in 1926, decedent acquired color of title to the property in her own name in a quiet title suit. Her husband was not a party to that action either as plaintiff or defendant.

During the course of administration of the estate of Mary Delome Trent, deceased, appellant and respondent as executrices thereof reported all of Parcel II and an undivided one-half interest in and to Parcel III, including a right of way or easement appurtenant to Parcel III, in the inventory and appraisement filed in said estate proceedings as property belonging to the estate of Mary Delome Trent; and thereafter, on October 24, 1932, the property was, by decree of distribution, distributed to L. C. Trent, the decedent's surviving spouse, for life, with the remainder at his death to Helen Trent Power and Evelyn Trent, as trustees, for the uses and purposes stated in decedent's last will and testament.

In June of 1932, L. C. Trent conveyed Parcell III to one Sophia Rosenberg, and on the same day Sophia Rosenberg,

*Assigned by Chairman of Judicial Council.

by deed, conveyed said parcel to L. C. Trent and Evelyn Trent, as joint tenants.

L. C. Trent died testate in March, 1935, and on April 8, 1935, a decree establishing the fact of his death and terminating the joint tenancy was entered, investing title to Parcel III in Evelyn.

Immediately after the death of their father, the two daughters, Helen and Evelyn, began their duties as trustees of the testamentary trust created by their mother's will; and in that capacity they collected the rents of the cottages on Parcel II, paid all the taxes, and, in general, cared for and managed the property. However, in 1955, Evelyn was removed as a trustee by order of court because of a conflict of interest created by her claim as executrix under her father's will that the real property involved herein belonged to the estate of her father. Under the terms of her father's will, she was his sole beneficiary and as such any real property which he owned at the time of his death vested in her. Although her father's will was in her possession at all times after his death, she did not file it for probate until 1954. In her petition for letters testamentary she listed Parcel II as part of the assets belonging to her father's estate.

Parcel II was improved during the lifetime of Mary Delome Trent. She constructed three rental cottages on said parcel and had another under construction at the time of her death. The cottage under construction was completed out of the income and assets of her estate during probate. All of the rental units mentioned herein were assumed to be on Parcel II, but in 1951 it was learned that one of the units encroached on Parcel III. The cottages on Parcel II were occupied by tenants of Mary Delome Trent's trust estate. All income from Parcels II and III were collected and reported as income of the testamentary trust; and all real property taxes and expenses and maintenance of said property were paid out of funds of said estate, with the exception that as to income from the cottage on the boundary between Parcel II and Parcel III an allocation was made in 1951 between appellant and respondent, since respondent conceded that an undivided one-half interest to Parcel III belonged to appellant individually.

Except for the conveyance to Sophia Rosenberg in 1932 of Parcel III, and the reconveyance of the joint tenancy deed from her, it does not appear that L. C. Trent made any claim to the real property involved herein following the death of his wife. There is no evidence that he disapproved of his wife's

will. Nor did appellant Evelyn claim that said property belonged to her father or his estate until she filed his will for probate 23 years after the death of her mother.

After Evelyn filed her father's will for probate and listed the property mentioned as part of his estate, Helen, as trustee of her mother's testamentary trust, then brought this action to quiet title to Parcel II and to a one-half interest in Parcel III and to the right of way appurtenant to said Parcel III. The trial court found that "plaintiff and her predecessors in interest had been in the actual, exclusive and adverse possession of the whole of said real property and of each and every parcel thereof continuously for twenty years prior to the filing of the complaint, and claiming during all of said period title to the whole of said parcels of real property in fee; that during a period of more than twenty years continuously next preceding the filing of this complaint plaintiff has, as co-executrix, co-trustee and individual trustee of the estate of Mary Delome Trent, paid all of the taxes of every kind levied or assessed against, or any part thereof, and which were payable during the said period of twenty years continuously next preceding the filing of the complaint, save and except that since 1951, defendant has paid one-half of the taxes" on the parcel in which it is considered she owned a one-half interest. The trial court further found that the asserted claim of appellant, individually and as executrix of the estate of L. C. Trent, deceased, of an interest in and to the property in question was without any right whatever, and that said appellant has not, nor has ever had, any estate, right, title, or interest whatever in said land or premises, or any part thereof, save and except as to the undivided one-half interest in the parcel which we have described as Number III herein. Judgment was entered accordingly and this appeal followed.

Appellant first contends that as to Parcel II she was never out of possession or ousted for the statutory period required to establish title by adverse possession. The facts, as heretofore stated, show that Mary Delome Trent, during her lifetime, and after her death her successors, as coexecutrices of her estate and as cotrustees of her testamentary trust, have been in the uninterrupted possession of the property involved in this action for more than 20 years. Appellant's possession as a coexecutrix and cotrustee was at no time during that period of years as an individual, but solely in her legal capacity. Respondent likewise was in the possession of the property in question, first as an executrix and later as a trustee of said

estate. Appellant's claim that she, personally, was never out of possession as the one in whom the property would have vested upon the death of her father cannot under the circumstances be maintained. ▪ A trustee, accepting a trust, is estopped from contesting the title of the creator of the trust to the property conveyed to the trustee and from setting up a claim to the trust estate, as against the beneficiary under the trust, or denying the title or estate of the person for whose benefit the trust was created or for whom he holds it. (*In re Eustace' Estate*, 198 Wash. 142 [87 P.2d 305, 307] ; 90 C.J.S. 71, § 181.) If a trustee desires to set up a title to the trust property in himself, he should refuse to accept the trust. (1 Perry on Trusts and Trustees, 7th ed. 721, § 433.)

▪ Finally, with respect to Parcel III and the right of way appurtenant thereto, appellant contends that there can be no adverse possession as between cotenants. Mary Delome Trent in her lifetime acquired color of title to these parcels by decree quieting her title in 1926, and although the quiet title action did not name L. C. Trent as a party defendant, the recording of the decree quieting title gave constructive notice of her hostile claim. In addition to the constructive notice given by said quiet title decree, the inference may be drawn that L. C. Trent had actual notice of Mary Delome Trent's claim to the whole of said parcels and voiced no objection thereto. Further, the decree quieting title in Mary Delome Trent was an independent source of title which formed the basis of including Parcels II and III, and the right of way appurtenant to Parcel III, in the decree of distribution in the Mary Delome Trent estate; and by the time that L. C. Trent died in 1935, the statutes of limitations had already run against him and those claiming under him.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 25, 1959.